Mr. Wayne Bright Grievance Officer Office of Administrative Services Department of Finance and Administration Post Office Box 2485 Little Rock, Arkansas 72203-2485
Dear Mr. Bright:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the Arkansas Department of Finance and Administration (the "Department") not to allow public inspection and copying of certain records of the Department is consistent with the Arkansas Freedom of Information Act, A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1995) (the "Act"). Your request and correspondence included therewith indicate that an employee of the Department has requested:
 1) "a list of all the employees under [a specified Department employee's] supervision who received a 400 or above on their Performance Evaluation for 1995";
 2) "the salary increase date or anniversary date for [the supervisor's] performance evaluation";
 3) information as to whether the supervisor "received a salary increase if she was eligible"; and
 4) information as to whether the supervisor "was late submitting any other performance evaluations and how many."
In my view, any records that contain the information described in 1) above, including the specific list sought (if such a list in fact exists), likely are "employee evaluation or job performance records," which are not open to public inspection and copying unless information in the records formed a basis of a decision to suspend or terminate an employee whose suspension or termination proceeding has been finally resolved administratively, and then only if there is a compelling public interest in disclosure. A.C.A. § 25-19-105(c)(1) (Supp. 1995). "Employee evaluation or job performance" records are those that detail the performance or lack of performance of an employee within the scope of his employment regarding a specific incident or incidents. See, e.g., Ops. Att'y Gen. 95-171, 94-391. Records containing an employee's performance evaluation score do, in my view, detail the employee's performance or lack of performance, and thus are employee evaluation or job performance records.
Your request does not state whether any employee under the supervisor's supervision who received a 1995 evaluation score of 400 or more has been suspended or terminated on the basis of information contained in a record that also contains the score. In part because the employee's request seeks information about high scores, rather than low ones, I assume there has been no relevant suspension or termination. On this assumption, it is my opinion that the Department's decision not to open the records for inspection and copying is consistent with the Act.
With respect to the information sought by the employee and described above in 2), 3), and 4), it is impossible for me to render a definitive opinion as to whether the Department's decision is consistent with the Act because I do not know the nature of the records in which the information is contained. It appears likely, however, that the information described in 2) and 4) is contained only in employee evaluation or job performance records, and thus that the Department's decision not to open the records for inspection and copying is consistent with the Act, assuming the supervisor has not been suspended or terminated on the basis of anything in those records.
With respect to the information described in 3), it appears that the Department's decision may be consistent with the Act inasmuch as the employee's request is focused on the fact and timing of, and the reasons for, a salary increase. This information likely is contained only in employee evaluation or job performance records.[1] If so, the Department's decision not to open the records for inspection and copying is consistent with the Act, assuming the supervisor has not been suspended or terminated on the basis of anything in those records.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The Department should be aware that its decision probably is not consistent with the Act to the extent the employee's request seeks merely those Department records that show the supervisor's current salary and salary history, including the dates upon which increases in salary were effective. Records containing such information generally are, in my opinion, personnel records rather than employee evaluation or job performance records. See A.C.A. § 25-19-105(b)(10). Personnel records are open to public inspection and copying unless "disclosure would constitute [a] clearly unwarranted invasion of personal privacy." Id. Applying the test formulated by the Supreme Court of Arkansas in Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992), this office has repeatedly opined that personnel records containing salary information are subject to public inspection and copying under the Act, although it is necessary to redact from such records before their release certain other information contained therein (including, without limitation, information about insurance and payroll deductions, social security number, medical information, and religious affiliation) the release of which would constitute a clearly unwarranted invasion of personal privacy. See,e.g., Op. Att'y Gen. 95-070, 94-198 (copies attached).